**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERALD R. JOHNSON, | No. 2:20-CV-1410-KJM-DMC-P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ROBERT NEUSCHMID, | |
| Respondent. | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is Respondent's unopposed motion to dismiss. See ECF No. 17.

      Respondent argues the claims raised in the petition are unexhausted. See id. The Court agrees.

      Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).[1] The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional

---

[1] Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2).

1 deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

2 "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest

3 state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the

4 time the petitioner filed the habeas petition in federal court no state remedies are available to the

5 petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v.

6 Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional

7 requirement and the court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39,

8 41 (9th Cir. 1997).

9 Regardless of whether the claim was raised on direct appeal or in a post-conviction

10 proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's

11 highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine

12 requires only the presentation of each federal claim to the highest state court, the claims must be

13 presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640

14 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by

15 the state courts on procedural grounds, where other state remedies are still available, does not

16 exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet,

17 640 F.2d at 237-89.[2]

18 In this case, Petitioner challenges the denial of parole. See e.g. ECF No. 1.

19 Attached to the petition is a May 18, 2020, decision from the California Supreme Court on

20 Petitioner's claims. See ECF No. 1, pg. 19. The California Supreme Court stated: "The petition

21 for writ of habeas corpus is denied without prejudice to any relief to which petitioner might be

22 entitled after this court decides *In re Palmer*, S256149." Id. This decision failed to exhaust

23 Petitioner's claims because other state court remedies remained available. See Pitches, 421 U.S.

24 at 488. In particular, Petitioner is free to re-apply to the state court's for habeas relief following

25 the California Supreme Court's decision in In re Palmer.

---

[2] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

Based on the foregoing, the undersigned recommends that Respondent's unopposed motion to dismiss, ECF No. 17, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 11, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE